FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
9/24/2014 1:29:41 PM
JANE BIRGE
DISTRICT CLERK
D-196143

CAUSE NO. _____

| | | |
|---|---|---|
| BEULAH REUTIMAN, AS NEXT FRIEND OF A.M.H., A MINOR CHILD | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | JEFFERSON COUNTY, TEXAS |
| WAL-MART STORES TEXAS, LLC | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, BEULAH REUTIMAN, AS NEXT FRIEND OF A      M. H    , hereinafter referred to as Plaintiff, complaining of and about WAL-MART STORES TEXAS, LLC, hereinafter referred to as Defendant, and for cause of action would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.     This action arises under the laws of the State of Texas, both statutory and at common law. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. Therefore, Plaintiff would ask the Court that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this lawsuit.

### II.
### PARTIES

2.     Plaintiff, Beulah Reutiman, as next friend of A'     M. H    is a resident of Port Arthur, Jefferson County, Texas.

3.     Defendant, Wal-Mart Stores Texas, LLC, is a foreign corporation doing business in the State of Texas. Said Defendant may be served by serving its



registered agent for service, to-wit: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136 by certified mail, return receipt requested.

## III.
## JURISDICTION AND VENUE

4. Although the amount to compensate the Plaintiff is a matter lying largely within the discretion of the jury, the Plaintiff would show that such amount exceeds the minimum jurisdictional limits of this court. In that vein, Plaintiff hereby affirmatively pleads for monetary relief no less than $200,000 but no more than $1,000,000.

5. The Court has jurisdiction over the Defendant herein, because the Defendant is engaged in business in the State of Texas, and the cause(s) of action set forth herein arise out of these Defendant's business activities in the State of Texas.

6. Venue is proper in Jefferson County, Texas, because all or a substantial part of the acts or omissions giving rise to the cause(s) of action set forth herein occurred there. TEX. CIV. PRAC. & REM. CODE 15.002(a)(1).

## IV.
## FACTS

7. This suit is brought by the Plaintiff, Beulah Reutiman, as next friend of A.M.H., a minor child, for those damages which she is entitled to recover over and from the Defendant as a result of the personal injuries sustained on or about May 10, 2014, at 8585 Memorial Boulevard, Port Arthur, Texas 77640.

8. At all times material hereto, Defendant was the owner and operator of the premises located at 8585 Memorial Boulevard, Port Arthur, Texas 77640.

9. Plaintiff, Beulah Reutiman, as next friend of A.M.H., a minor child, entered upon said premises in response to an express or implied invitation by the Defendant and for the benefit of both Plaintiff and Defendant. Plaintiff entered on said property of Defendant at the invitation of Defendant.

10. During the time that Plaintiff was upon Defendant's property, Plaintiff sustained serious and permanent injuries as a result of an unreasonably dangerous condition that proximately caused Plaintiff to slip and fall.

11. The accident and injuries resulting therefrom were not caused by or contributed to by the Plaintiff, nor did the same occur through any fault or negligence on the part of the Plaintiff, but were solely caused by the acts, omissions, and wrongs of Defendant that were the proximate cause of the injuries sustained by the Plaintiff.

12. Plaintiff's bodily injuries occurred as a direct result of a fall that was proximately caused by the dangerous condition described above, which Defendant knew, or, in the exercise of ordinary care should have known, existed.

## V.
## LIABILITY OF DEFENDANT

13. At all times mentioned herein, Defendant owned the property in question, located at 8585 Memorial Boulevard, Port Arthur, Texas 77640.

14. At all times mentioned herein, Defendant had such control over the premises in question, and Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

15. Defendant, the agents, servants, and employees negligently permitted a liquid substance to leak or spread on to the premises floor without making the

surface area reasonably safe to walk upon. Defendant, through its agents, servants, and employees also negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the condition of the floor. This condition existed despite the fact that Defendant, through its agents, servants, and employees knew or should have known of the existence of the aforementioned condition and that there was a likelihood of a person being injured therefrom, as it did to A.M.H., a minor child.

16. Furthermore, Plaintiff would show the Court that the condition of the floor had continued for such period that, had Defendant, through its agents, servants, and employees exercised ordinary care in the maintenance of the spill, it would have been corrected by such persons.

17. As a result of this accident, Plaintiff sustained severe and disabling injuries and damages, which will be set out more fully hereinafter. This accident and the resulting injuries were brought about to occur and were proximately caused by the negligence of the Defendant herein, including but not limited to the following:

1. In failing to properly inspect and maintain the flooring area in question to discover the dangerous condition;

2. In failing to maintain the floor in a reasonably safe condition;

3. In failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

4. In failing to give warnings to Plaintiff of the unsafe condition;

5. In failing to timely repair the condition causing the slip and fall;

6. In its agents, servants, and employees failing to use the care of a reasonably prudent person under the same or similar circumstances; and,

    7.    In committing various other acts and omissions of negligence, both of statute and at common law, to be specified at the time of trial.

All the above acts, wrongs, and/or omissions as well as various other acts, wrongs, and omissions, either collectively or individually, on the part of the Defendant amounted to negligence and were the proximate cause of the resulting injuries and damages to and by the Plaintiff, A.M.H. a minor child, appearing in court, through her next friend and biological mother, Beulah Reutlman.

18.    Defendant's acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others. This conduct constitutes gross negligence.

19.    Based on the facts stated herein, Plaintiff hereby sues for exemplary and punitive damages from Defendant.

## VI.
## DAMAGES TO BEULAH REUTIMAN A/N/F OF A.M.H., A MINOR CHILD

20.    As a result of the accident made the basis of this lawsuit, Plaintiff, Beulah Reutiman, as next friend of A.M.H., a minor child, has suffered the following injuries to her body generally and further suffered the following damages and losses:

    1.    Reasonable and necessary medical and other health care related expenses, past and future;

2. Physical pain, past and future;

3. Mental anguish, past and future;

4. Physical impairment, past and future;

5. Physical disfigurement, past and future.

These injuries, damages, and losses were brought about to occur and were proximately caused as a result of the accident made the basis of this lawsuit.

21. Plaintiff, Beulah Reutiman, as next friend of A.M.H., a minor child, further says that if it be shown that she had a pre-existing disease or condition, then she will show that same was neither painful or disabling, and that as a result of the injuries inflicted upon her by the negligence of Defendant, Plaintiff's disease(s) or condition(s) were aggravated or incited to the extent that same became painful and disabling and proximately caused the damages described above.

22. Plaintiff also asserts a claim for pre-judgment and post-judgment interest for all elements of damages that such interest is allowed.

23. Plaintiff also asserts a claim for court costs where all such costs are allowed by law.

## VII.
## REQUEST FOR DISCLOSURE

24. Plaintiff requests that the Defendant disclose, within 50 days of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## VIII.
## RULE 193.7 NOTICE

25. This is given as notice to the Defendant that Plaintiff intends to use each Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by Texas Rule of Civil Procedure 193.7

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Beulah Reutiman, as next friend of A.M.H., a minor child, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, including exemplary damages, pre- and post-judgment interest at the highest applicable legal rate, costs of court, and all such other and further relief, special or general, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**PROVOST ★ UMPHREY LAW FIRM, L.L.P.**
P.O. Box 4905
Beaumont, Texas 77704-4905
(409) 835-6000 - telephone
(409) 813-8617 - facsimile

By: _/s/ Ryan M. Schaper_
    RYAN M. SCHAPER
    State Bar No. 24068814

**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

_/s/ Ryan M. Schaper_
RYAN M. SCHAPER